IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| YURIY V. YUDIN,<br><br>                    Plaintiff,<br>v.<br><br>JORDAN SCHOOL DISTRICT,<br><br>                  Defendant. | REPORT AND RECOMMENDATION<br><br>Case No. 2:18-cv-562 CW<br><br>District Judge Clark Waddoups<br><br>Magistrate Judge Brooke Wells |

This matter is referred to the undersigned in accordance with 28 U.S.C. § 636(b)(1)(B).[1]

Pending before the court are three motions. A Motion to Appoint Counsel and Motion to Seal Plaintiff's Name filed by Plaintiff Yuriy Yudin, *pro se*.[2] And a Motion to Dismiss under Federal Rule 12(b) filed by Defendant Jordan School District.[3] The undersigned finds this matter is barred by res judicata and the *Rooker-Feldman* doctrine. Contrary to Mr. Yudin's assertion, his case does not have *de novo* status in Federal Court. Therefore, the undersigned recommends that this matter be dismissed.

## BACKGROUND

Plaintiff Yuriy Yudin was born in the Ukraine. He taught physics at Bingham High School, which is part of Defendant Jordan School District. Following a series of events, Mr. Yudin's contract to teach was not renewed by the Jordan School District essentially discharging him. Mr. Yudin claims he was discriminated against because of his national origin and because

---

[1] ECF No. 6.

[2] ECF No. 4, ECF no. 5.

[3] ECF No. 9.

of his accent when speaking English.[4] Mr. Yudin further claims that he suffered disability discrimination, that Defendant violated the Utah Public Education Human Resource Management Act (PEHRMA), Defendant retaliated against him and he suffered religious discrimination because he was not a member of the predominant faith at Bingham High School.[5]

Attached to Defendant's Motion to Dismiss are pleadings and documents of public record. The court takes judicial notice of these materials.[6] Plaintiff filed a statement with the Utah Labor Adjudication Division regarding the circumstances surrounding his employment on June 6, 2016.[7] Subsequently an Administrative Law Judge issued an order granting summary judgment against Mr. Yudin on August 22, 2017, finding his claims for national origin discrimination, failure to accommodate, retaliation and wrongful termination all failed as a matter of law.[8] Following a request for review filed by Plaintiff, the Board of Appeals of the Utah Labor Commission issued an order upholding the summary judgment decision.[9] The Utah Court of Appeals then affirmed the grant of summary judgment on February 8, 2018,[10] and

---

[4] Complaint p. 3, ECF No. 3.

[5] *See id.* p. 3-7.

[6] *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 310, 127 S. Ct. 2499, 2502, 168 L. Ed. 2d 179, 75 (2007) ("courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions"); *Stan Lee Media, Inc. v. Walt Disney Co.*, 774 F.3d 1292, 1299 (10th Cir. 2014) ("We take judicial notice of the pleadings and other documents of public record filed in the Ninth Circuit and the Central District of California in *Stan Lee Media v. Lee*.") (*citing* Fed.R.Evid. 201(b)(2) (explaining that the court can take judicial notice of a fact "that is not subject to reasonable dispute because it ... can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned."); *Estate of McMorris v. C.I.R.*, 243 F.3d 1254, 1258 n. 8 (10th Cir. 2001) (explaining that we can take judicial notice of documents and docket materials filed in other courts).

[7] ECF No. 9-1.

[8] ECF No. 9-2.

[9] ECF No. 9-4.

[10] ECF No. 9-6.

issued a Remittitur on April 27, 2018.[11] Plaintiff then filed his current complaint on July 18, 2018.[12]

## DISCUSSION

Defendant seeks to dismiss this case under Rule 12(b). Defendant argues this court lacks jurisdiction because this case is essentially an appeal or the refiling of Plaintiff's case that has already been decided by the Utah Labor Commission and the Utah Court of Appeals. In contrast, Plaintiff asserts that "his case has de novo status in Federal Court."[13] The court agrees with Defendant.

"Federal district courts do not have jurisdiction to review state court judgments or claims inextricably intertwined with them."[14] "[I]f a lower state court issues a judgment and the losing party allows the time for appeal to expire, then the state proceedings have ended. Accordingly, *Rooker–Feldman* applies as to that judgment and any claims inextricably intertwined with it."[15] Simply put, federal courts other than the Supreme Court, cannot sit in direct review of state court decisions and actions.[16]

Here, Plaintiff's Complaint fails to assert a proper basis for this court's jurisdiction. The Utah Court of Appeals entered a decision on Plaintiff's case and he did not file any additional challenges to that decision with the Utah Supreme Court in a timely manner. The claims raised in this case by Plaintiff are essentially identical, save for his PEHRMA violation claims, as those

---

[11] ECF No. 9-7.

[12] ECF No. 3.

[13] ECF No. 10.

[14] *Bear v. Patton*, 451 F. 3d 639, 641 (10th Cir. 2006).

[15] *Id.* at 642.

[16] *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

raised in the state proceedings. Mr. Yudin's case amounts "to an appeal from, or collateral attack on, the state court's judgment, and it is not allowed under the *Rooker-Feldman* doctrine."[17] "*Rooker–Feldman* is a jurisdictional limit on federal district and appellate courts, and it prohibits [this court] from reviewing state court decisions."[18]

The remaining PEHRMA violation claim also does not give jurisdiction to this court. When a district court dismisses federal claims for a lack of subject matter jurisdiction, as it must in this case, then, it lacks subject matter jurisdiction over pendent state law claims against a non-diverse defendant.[19]

Finally, Plaintiff's remaining motions should be denied or deemed moot.[20]

## RECOMMENDATION

The undersigned recommends that Defendant's Motion to Dismiss be GRANTED and this case be dismissed for want of jurisdiction. The remaining motions should be DENIED or DEEMED MOOT.

## NOTICE

The Court will send copies of this Report and Recommendation to all parties, who are hereby notified of their right to object.[21]   The parties must file any objection to this Report and

---

[17] *Erlandson v. Northglenn Mun. Court*, 528 F.3d 785, 789, 2008 WL 2346568 (10th Cir. 2008); *see also Bolden v. City of Topeka, Kan.*, 441 F.3d 1129, 1139 (10th Cir. 2006) ("The *Rooker–Feldman* doctrine prohibits federal suits that amount to appeals of state-court judgments.").

[18] *Id.*

[19] *See Estate of Harshman v. Jackson Hole Mountain Resort Corp .*, 379 F.3d 1161, 1162 (10th Cir. 2004) (holding that the district court lacked subject matter jurisdiction over the pendent state law claims after it dismissed the federal claims for lack of subject matter jurisdiction).

[20] A party in a civil action has no constitutional right to appointment of counsel. *See Durre v. Dempsey*, 869 F.2d 543, 547, 1989 WL 16317 (10th Cir. 1989); *Bethea v. Crouse*, 417 F.2d 504, 505 (10th Cir. 1969) ("We have often said, and it seems to be universally agreed, that no one has a constitutional right to assistance of counsel in the prosecution or defense of a civil action.").

[21] *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Recommendation within fourteen (14) days of service thereof.[22]  Failure to object may constitute waiver of the objections upon subsequent review.

            DATED this 5 December 2018.

                              Brooke C. Wells
                              United States Magistrate Judge

---

[22] *Id.*