IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| YURIY V. YUDIN,<br><br>                      Plaintiff,<br><br>v.<br><br>JORDAN SCHOOL DISTRICT,<br><br>                      Defendant. | **MEMORANDUM DECISION & ORDER SUSTAINING OBJECTION AND DECLINING TO ADOPT REPORT AND RECOMMENDATION**<br><br>Case No. 2:18-cv-562<br><br>Judge Clark Waddoups |

<u>Introduction</u>

Plaintiff Yuriy V. Yudin, (Mr. Yudin) proceeding pro se, brought this action against the Jordan School District, alleging (I) National Origin Discrimination, (II) Disability Discrimination, (III) Violation of the Public Education Human Resource Management Act, a Utah Statute, (ECF No. 3 at 3) (IV) Retaliation (ECF No. 3 at 5) and (V) Religious Discrimination. (ECF No. 3 at 6.)

Before the court are three motions, [1] Plaintiff's Motion to Appoint Counsel, (ECF No. 4) [2] Plaintiff's Motion to Seal Plaintiff's name (ECF No. 5.) and [3] Defendant's Motion to Dismiss. (ECF No. 9.)

This action was assigned to United States District Court Judge Clark Waddoups, who then referred it to United States Magistrate Judge Brook Wells pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF. No. 6.) On December 5, 2018 Judge Wells issued a Report and Recommendation, recommending that "Defendant's Motion to Dismiss be GRANTED and this case be dismissed for want of jurisdiction." (ECF No. 12 at 4.) Magistrate Judge Wells also

recommended that "[t]he remaining motions should be DENIED or DEEMED MOOT." (ECF No. 12 at 4.)

After careful review of the record, applying a de novo standard of review, the court concludes that the Jordan School District failed to clearly distinguish the applicable principle of law in persuading Magistrate Judge Wells into forming conclusions that are contrary to law. The court therefore sustains Mr. Yudin's Objection and declines to adopt Magistrate Judge Wells' recommendations.

## Background

Mr. Yudin was formerly employed as a physics teacher at Bingham High School. (ECF No. 3 at 6.) Bingham High School is located in South Jordan, Utah and is part of the Jordan School District. On or around June 6, 2016, Mr. Yudin filed a Petitioner's Statement with the Utah Labor Commission's Adjudication Division. (*See* ECF No. 9-1 at 2.) In this Statement, Mr. Yudin wrote:

> This Complaint is brought by Yuriy Yudin to secure redress for employment discrimination and violation of his civil rights to be free from discrimination on the basis of his religion and national origin under the First and Fourteenth Amendment of the United States Constitution ("First" and "Fourteenth Amendment") and under Title VII of the Civil Rights Act of 1964, for violation of his rights secured by the Americans With Disabilities Act ("ADA") and corresponding statues in state of Utah.

(ECF No. 9-1 at 2.)

On August 22, 2017, Administrative Law Judge (ALJ) Todd Newman issued an order granting Bingham High School's Motion for Summary Judgment. (ECF No. 9-2 at 17.) In this Order, ALJ Newman noted that Mr. Yudin was asserting "claims of religious, national origin, and disability discrimination, and retaliation." (ECF No. 9-2 at 2.) ALJ Newman dismissed Mr.

Yudin's claim for religious discrimination because he did not allege that he was a member of any particular religion, nor did he "allege any facts that employees of Bingham High School are members of any particular religion." (ECF No. 9-2 at 9.) ALJ Newman also held that "Mr. Yudin's claim for national origin discrimination fails as a matter of law." (ECF No. 9-2 at 13.) ALJ Newman also held that "Bingham High School" was entitled to judgment as a matter of law on Mr. Yudin's" disability discrimination/failure to accommodate claim. (ECF No. 9-2 at 13.) ALJ Newman also held that "Mr. Yudin's retaliation claim fails as a matter of law." (ECF No. 9-2 at 17.) ALJ Newman noted that "by choosing a hearing before the Adjudication Division, Mr. Yudin has elected to have his case governed by Utah law, not federal [law]."[1] (ECF No. 9-2 at 10 n. 7.)

On September 19, 2017, Mr. Yudin submitted a "Motion for Review" to the Board of Appeals of the Utah Labor Commission. (ECF No. 9-3.) On December 5, 2017, the Appeals Board of the Utah Labor Commission entered an order Affirming ALJ Newman's decision. (ECF No. 9-4 at 2.) Mr. Yudin petitioned the Utah Court of Appeals for review. (ECF No. 9-5.) On February 8, 2018, the Utah Court of Appeals entered an Order of Summary Affirmance affirming the Appeals Board of the Utah Labor Commission. (ECF No. 9-6.)

On July 18, 2018, Mr. Yudin filed his Complaint with this court. (ECF No. 3.) He alleged that he "worked as a teacher in Physics in Bingham High School" and was "discriminated because of [his] national origin (accent) and disability . . . ." (ECF No. 3 at 2.) He also alleged

---

[1] Judge Neman further noted that when Utah courts have not spoken to an issue or element of proof, "it is appropriate to look to federal law for guidance." (ECF No. 9-2 at 10 n. 7.)

retaliation and religious discrimination. (ECF No. 3 at 5-6.) He further alleged a violation of the Public Education Human Resource Management Act, a Utah statute. (ECF No. 3 at 2.)

On August 27, 2018, the Jordan School District filed a Motion to Dismiss, arguing that "[t]he *Rooker-Feldman* doctrine proscribes the Court's Jurisdiction." (ECF No. 9 at 7.) The Jordan School District also argued that "[t]he decision in the Utah Court of Appeals operates as res judicata." (ECF No. 9 at 10.)

On December 5, 2018, Magistrate Judge Wells entered a Report and Recommendation, concluding "this matter is barred by res judicata and the *Rooker-Feldman* doctrine." (ECF No. 12 at 1.) But in Magistrate Judge Wells' "Discussion" section, she only addressed the *Rooker-Feldman* doctrine. Magistrate Judge Wells provided, in relevant part:

> Mr. Yudin's case amounts 'to an appeal from, or collateral attack on, the state court's judgment, and it is not allowed under the *Rooker-Feldman* doctrine.' '*Rooker-Feldman* is a jurisdictional limit on federal district and appellate courts, and it prohibits this court from reviewing state court decisions.' The remaining PEHRMA violation claim also does not give jurisdiction to this court. When a district court dismisses federal claims for a lack of subject matter jurisdiction, as it must in this case, then, it lacks subject matter jurisdiction over pendent state law claims against a non-diverse defendant. . . . The undersigned recommends that Defendant's Motion to Dismiss be GRANTED and the case dismissed for **want of jurisdiction**.

(ECF No. 12 at 4 (bold added) (citations omitted).)

On December 17, 2018, Mr. Yudin objected to the Report and Recommendation, stating "US Supreme Court emphasized in number of cases (Exxon *Mobil Corp. v. Saudi Basic Industries Corp.*, *Lance v. Dennis* and others) that Ro[o]ker-Feldman doctrine is statutory and not a constitutional, therefore applies only to a limited cases where **injury came from state court judgments**." (ECF No. 13 at 2 (bold added).) Mr. Yudin further stated: "Ro[o]ker-

4

Feldman argument must fail as Plaintiff never asked this court to review the Utah Court of Appeals disposition." (ECF No. 13 at 3.)

Analysis

"The *Rooker–Feldman* doctrine prohibits federal suits that amount to appeals of state-court judgments." *Bolden v. City of Topeka, Kan.*, 441 F.3d 1129, 1139 (10th Cir. 2006). "When the state-court judgment is not itself at issue, the doctrine does not prohibit federal suits regarding the same subject matter, or even the same claims, as those presented in the state-court action." *Id*. "The doctrine that governs litigation of the same subject matter or the same issues is res judicata—specifically, claim preclusion and issue preclusion." *Id*. "Confusion on this matter is unsurprising, because whenever *Rooker–Feldman* bars a federal suit, the state suit must have concerned the same subject matter as the federal suit (after all, the federal suit is challenging the state judgment), a precondition for invocation of preclusion doctrine." *Id*. "But the distinction between *Rooker–Feldman* and res judicata must be preserved." *Id*.

"*Rooker–Feldman* does not bar federal-court claims that would be identical even had there been no state-court judgment; that is, claims that do not rest on any allegation concerning the state-court proceedings or judgment." *Id*. at 1145. "A suit on such claims could not be characterized as an 'appeal' of the state-court judgment, which is the core concern of *Rooker–Feldman*." *Id*. "To illustrate, say a father was deprived of custody of his child by a state-court judgment." *Id*. "If he files suit in federal court, seeking to invalidate the state-court judgment on the ground that the state-court proceedings deprived him of due process or that the judgment was otherwise contrary to federal law, his suit would be barred by *Rooker–Feldman;* the suit usurps the Supreme Court's exclusive appellate jurisdiction because it seeks to set aside the judgment

5

based on a review of the prior proceedings." *Id*. "If, however, the father simply brought suit in federal court seeking custody of his child, without raising any complaint about the state-court proceedings, ***Rooker–Feldman* cannot be invoked**; his federal claim would have been the same even in the absence of the state-court judgment." *Id*. (bold added).

In this case, Mr. Yudin argues that "Ro[o]ker-Feldman . . . must fail as Plaintiff never asked this court to review Utah Court of Appeals disposition." (ECF No. 13 at 3.) The court has reviewed Mr. Yudin's Complaint. The court agrees that Mr. Yudin did not raise "any complaint about the state-court proceedings." *Bolden*, 441 F.3d at 1145. *Rooker-Feldman* cannot be invoked. *Id*; *see also Davani v. Virginia Dep't of Transp.*, 434 F.3d 712, 719 (4th Cir. 2006).[2]

The Jordan School District misapprehended the applicable law when it argued to Magistrate Judge Wells that "the *Rooker-Feldman* doctrine proscribes the Court'[s] jurisdiction." (ECF No. 9 at 7.) Magistrate Judge Wells' Report and Recommendation that "this case be dismissed for want of jurisdiction" under the *Rooker-Feldman* doctrine was therefore contrary to law. The next question for this court is therefore whether the Jordan School District is entitled to prevail on its motion to dismiss based on its arguments relating to res judicata.

"[F]ederal courts are required by the full faith and credit provision of 28 U.S.C. § 1738 . . . . to give to a state-court judgment the same preclusive effect as would be given that judgment

---

[2] *Davani v. Virginia Dep't of Transp.*, 434 F.3d 712, 719 (4th Cir. 2006) ("Applying *Exxon* here, we reject Appellees' argument that Davani's federal suit is 'inextricably intertwined' with the state proceedings. Davani lost before the Virginia circuit court and then filed a suit in the federal district court raising similar claims to those he presented in the state proceedings. In his federal complaint, Davani did not allege that the state decision caused him injury; rather, he alleged that Appellees discriminated against him in violation of federal and state law. Davani's federal claims do not challenge the state decision and are therefore 'independent' from that decision.").

6

under the law of the state in which the judgment was rendered." *Bolling v. City & Cty. of Denver, Colo. By & Through McNichols*, 790 F.2d 67, 68 (10th Cir. 1986) (internal quotation marks omitted) (citation omitted). "[A] state court decision affirming a state agency determination is entitled to preclusive effect, so long as the state court proceeding provided the parties with a full and fair opportunity to litigate the case." *Stone v. Dep't of Aviation*, 290 F. App'x 117, 123 (10th Cir. 2008) (citing *Kremer v. Chem. Const. Corp.*, 456 U.S. 461, 485, 102 S. Ct. 1883, 1899, 72 L. Ed. 2d 262 (1982)). This court's "review for collateral estoppel purposes in a Title VII or ADA case is confined to the judgments of the state courts, and not the underlying agency decision." *Id*. "To determine the nature of the preclusive effect afforded to the state court judgments, [this court] look[s] to the law of the particular state, in this instance," Utah. *See id*.

"Utah courts have explained res judicata includes two distinct doctrines: claim preclusion and issue preclusion." *Nikols v. Chesnoff*, 435 F. App'x 766, 769 (10th Cir. 2011) (citation omitted); *see also Buckner v. Kennard,* 99 P.3d 842, 846 (Utah 2004) ("The doctrine of res judicata embraces two distinct theories: claim preclusion and issue preclusion.")). In Utah,

> [i]ssue preclusion applies when four elements are satisfied: (i) the party against whom issue preclusion is asserted was a party to or in privity with a party to the prior adjudication; (ii) the **issue** decided in the prior adjudication was identical to the one presented in the instant action; (iii) the **issue** in the first action was completely, fully, and fairly litigated; and (iv) the first suit resulted in a final judgment on the merits.

*Living Rivers v. U.S. Oil Sands, Inc.*, 344 P.3d at 571 (Utah 2014) (bold added) (internal quotation marks omitted) (citation omitted). In contrast, in Utah, "[c]laim preclusion applies . . . when the following three elements are satisfied: (1) both suits must involve the same parties or their privies, (2) the **claim** that is alleged to be barred must have been presented in the first suit or be one that could and should have been raised in the first action, and (3) the first suit must

have resulted in a final judgment on the merits." *Moss v. Parr Waddoups Brown Gee & Loveless*, 285 P.3d 1157, 1163 (Utah 2012) (bold added) (internal quotation marks omitted) (citation omitted). The Tenth Circuit, in an unpublished opinion, has noted that "the Utah Supreme Court has applied the full and fair litigation requirement to claim preclusion in at least one case." *Nikols v. Chesnoff*, 435 F. App'x at 769 (citing *Salt Lake City v. Silver Fork Pipeline Corp.,* 913 P.2d 731, 733 (Utah 1995)).

Additionally, in Utah, res judicata in either of its forms is an affirmative defense to subsequent claims, and the party asserting the preclusive effect of prior litigation has the burden of proving the elements of res judicata." *H & H Network Servs., Inc. v. Unicity Int'l, Inc.*, 323 P.3d 1025, 1028, (Utah Ct. App. 2014); *C.f. Brady v. UBS Fin. Servs., Inc.*, 538 F.3d 1319, 1327 (10th Cir. 2008) ("This court must therefore apply the res judicata rules of Oklahoma. Res judicata is an affirmative defense and the party raising the defense, here the defendants, have the burden of setting forth facts sufficient to satisfy its requirements."). A party can prevail by asserting an affirmative defense on a motion to dismiss only if it is clear from the face of the complaint that the claim is barred. *President & Fellows of Harvard Coll. v. Elmore*, 222 F. Supp. 3d 1050, 1062 (D.N.M. 2016) ("A defendant may raise an affirmative defense on a Rule 12(b)(6) motion only 'if the defense appears plainly on the face of the complaint itself . . . .'" (quoting *Miller v. Shell Oil Co.*, 345 F.2d 891, 893 (10th Cir. 1965) (determining error to dismiss for res judicata))). The court has doubts about whether the Jordan School District's res judicata defense may be properly raised on a 12(b)(6) Motion. Nevertheless, as explained below, the Motion fails on its own terms.

It is unclear upon which doctrine—issue preclusion, or claim preclusion—the Jordan School District relies. For example, the Jordan School District provides:

> In Utah, "the doctrine of res judicata will bar a subsequent action if the following requirements are met: (1) the two cases must be between the same parties or their privies; (2) there must have been a final judgment on the merits of the prior case; and (3) the prior adjudication must have involved the same **issue or an issue** that could or should have been raised therein."

(ECF No. 9 at 11 (bold added) (quoting *Sterling Fiduciaries LLC v. JPMorgan Chase Bank NA*, 402 P.3d 130, 133 (Utah Ct. App. 2017)).) This would appear to suggest that the Jordan School District is arguing under the issue preclusion branch of res judicata. But later, the Jordan School District states that "the Utah adjudication involved the very same **claims** Plaintiff seeks to make in this Court . . . ." (ECF No. 9 at 12.) This suggests that the Jordan School District is arguing for claim preclusion. If the Jordan School District is arguing for issue preclusion, it has failed to meet its burden because it has completely failed to address the third element—whether "the issue in the first action was completely, fully, and fairly litigated . . . ." *Living Rivers*, 344 P.3d at 571. If the Jordan School District is arguing for claim preclusion, it has failed to meet its burden because it has failed to address the Utah Supreme Court's precedent in *Silver Fork* that "applied the full and fair litigation requirement to claim preclusion." *Nikols*, 435 F. App'x at 769. Because the Jordan School District has failed to meet its burden, its Motion to Dismiss is DENIED.

## Conclusion

The court orders as follows:

I. The court sustains Mr. Yudin's Objection in so far as the court agrees that the *Rooker-Feldman* doctrine cannot be invoked.

II. The court declines to adopt Magistrate Judge Wells' Report and Recommendation.

9

a. For the reasons stated above, the court DENIES the Jordan School District's Motion to Dismiss, (ECF No. 9).

b. Under Rule 72(c), the district judge may "return the matter to the magistrate judge with instructions."

   i. The undersigned returns this matter to the magistrate judge to determine all further matters, including:

      1. Mr. Yudin's Motion to Appoint Counsel (ECF No. 4.)
      2. Mr. Yudin's Motion to Seal (ECF No. 5.)
      3. Any further dispositive motions filed by either party.

DATED this 4th day of April, 2019.

BY THE COURT:

_____
CLARK WADDOUPS
United States District Court Judge