IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| YURIY V. YUDIN,<br><br>　　　　　　　　Plaintiff,<br>v.<br><br>JORDAN SCHOOL DISTRICT,<br><br>　　　　　　　　Defendant. | REPORT AND RECOMMENDATION<br><br>Case No. 2:18-cv-562<br><br>District Judge Clark Waddoups<br><br>Magistrate Judge Dustin B. Pead |

## INTRODUCTION

This matter is referred to the undersigned in accordance with 28 U.S.C. § 636(b)(1)(B) from Judge Waddoups. (ECF Nos. 6, 13). Pending before the court is Defendant Jordan School District's Motion for Summary Judgment. (ECF No. 23.) For the reasons set forth herein, the undersigned recommends that the court grant Defendant's Motion.

## BACKGROUND

Plaintiff Yuriy Yudin, proceeding *pro se*, brings five claims against Defendant, for whom he was employed as a physics teacher at Bingham High School. Plaintiff, who is of Turkish national origin, claims that he was the subject of discrimination during his employment and that such discrimination was the motive behind Defendant's decision not to renew his teaching contract. Plaintiff's claims are (1) national origin discrimination, (2) disability discrimination, (3) violation of the Public Education Human Resource Management Act (PEHRMA), a Utah statute, (4) retaliation, and (5) religious discrimination. (ECF No. 3 at 3, 5–6.)

Before filing his complaint in this court, Plaintiff asserted four of the five claims (all but the PEHRMA claim) to the Utah Labor Commission's (ULC) Adjudication Division. (ECF No.

9-1). Administrative Law Judge Todd Newman granted summary judgment in favor of Bingham High School. (ECF No. 9-2 at 17.) That decision was subsequently affirmed by the Appeals Board of the ULC (ECF No. 9-4 at 2) and, finally, the Utah Court of Appeals. (ECF No. 9-6.)

Because the federal claims were previously litigated in the Utah courts, Defendant has filed a Motion for Summary Judgment, arguing that the present action is barred by res judicata.[1] (ECF No. 14.)

## DISCUSSION

**Summary Judgment Standard**

The court shall grant summary judgment if the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Pursuant to Fed. R. Evid. 201(b), Defendant asks the Court to "take judicial notice of documents and docket materials, including pleadings and other documents of public record filed in other courts."[2] (ECF No. 23 at 8.) *See Stan Lee Media, Inc. v. Walt Disney Co.*, 774 F.3d 1292, 1298 n.2 (10th Cir. 2014) (explaining that under the Federal Rules of Evidence and relevant case law, courts may take judicial notice of a fact "that is not subject to reasonable dispute because it … can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned.") (quoting Fed. R. Evid. 201(b)); *see also Estate of McMorris v. C.I.R.*, 243 F.3d 1254, 1258 n. 8 (10th Cir.2001) (explaining that courts can take judicial notice of documents and docket materials filed in other courts).

---

[1] Defendant previously filed a Motion to Dismiss, arguing that the action was barred by both res judicata and the *Rooker-Feldman* doctrine. Judge Waddoups denied the motion, finding that *Rooker-Feldman* did not apply and that Defendant had failed to address one of the elements of issue preclusion. (ECF No. 14 at 9.)

[2] The court must take judicial notice if a party requests it and the court is supplied with the necessary information. FED. R. EVID. 201(c). Defendant asks the court to take judicial notice of the docket materials in this case. (ECF No. 23 at 6.)

**The Material Facts Are Undisputed**

The facts necessary to rule on this motion, as briefly summarized above, are undisputed.[3] In his opposition memorandum, Plaintiff only takes issue with the first two sentences of the Motion's Background section, which state that "Mr. Yudin was formerly employed by Bingham High School. His contract was not renewed, and he alleged national origin discrimination, religious discrimination, disability discrimination, retaliation and violation of PEHRMA." (ECF No. 23 at 2.) Plaintiff feels that this statement is a "misrepresentation" because he "initiated his complaint when he was still employed" by Defendant. (ECF No. 24 at 4.) Although Defendant's factual statement does not mention Plaintiff's pre-termination complaints, Defendant does not contest that Plaintiff made those complaints. Thus, Plaintiff's alleged "misrepresentation" is not material to the court's decision.

**Defendant Is Entitled to Judgment as a Matter of Law**

Defendant is entitled to judgment as a matter of law because it has shown that the undisputed material facts meet the elements of res judicata in Utah. The U.S. Supreme Court has held the "usual rule" that "merits of a legal claim once decided in a court of competent jurisdiction are not subject to redetermination in another forum" applies to cases in which a state court has affirmed an administrative agency's rejection of an employment discrimination claim, so long as res judicata applies to the state court's decision. *Kremer v. Chem. Constr. Corp.*, 456 U.S. 461, 466, 485 (1982) (finding no exception under Title VII to the statutory requirement that "requires federal courts to give the same preclusive effect to state court judgments that those judgments would be given in the courts of the State from which the judgments emerged").

---

[3] Most of the facts in Plaintiff's opposition memorandum are related to the merits of his claims and are not material as to whether those claims were litigated in state court.

In Utah, there are two branches of the res judicata doctrine: claim preclusion and issue preclusion, with the latter also being known as collateral estoppel. *Moss v. Parr Waddoups Brown Gee & Loveless*, 285 P.3d 1157, 1163. "Claim preclusion corresponds to causes of action; issue preclusion corresponds to the facts and issues underlying causes of action." *Id.* (citation omitted). In either case, the party asserting res judicata—in this case, Defendant—has the burden of proving its elements. *Busch v. Busch*, 71 P.3d 177, 178 (Utah Ct. App. 2003).

## A. Claim Preclusion

Claim preclusion applies when three elements are satisfied:

1. both suits must involve the same parties or their privies;

2. the claim that is alleged to be barred must have been presented in the first suit or be one that could and should have been raised in the first action; and

3. the first suit must have resulted in a final judgment on the merits.

*Moss*, 285 P.3d at 1163. Each of these elements is satisfied in this case.[4]

*1. Same Parties*

This element is satisfied because the parties to this litigation are the same as those in the state proceedings: Mr. Yudin and Jordan School District.[5] (ECF No. 9-6.)

*2. Same Claims*

In the state proceedings, Plaintiff brought four of the five claims asserted in this case, all except the PEHRMA violation. Defendant argues that because the three discrimination claims

---

[4] In his Memorandum Decision & Order denying Defendant's motion to dismiss, Judge Waddoups noted that the Utah Supreme Court has, in at least one case, also applied the requirement that the claims must have been fully and fairly litigated. (ECF No. 14 at 8.) Similarly, the U.S. Supreme Court has said, "While our previous expressions of the requirement of a full and fair opportunity to litigate have been in the context of collateral estoppel or issue preclusion, it is clear from what follows that invocation of res judicata or claim preclusion is subject to the same limitation." *Kremer*, 456 U.S. at 481 n.2. This added element is analyzed under the issue preclusion section of this Report and Recommendation.

[5] Although Defendant is referred to as Bingham High School in some of the pleadings in the Utah proceedings, the Utah Court of Appeals decision sets forth the Jordan School District as a defendant. (ECF No. 9-6.)

and the retaliation claim "are identical to the ones presented in [Plaintiff's] prior, state action," claim preclusion applies. Plaintiff makes several arguments to the contrary, essentially asserting that the claims are not the same because the state lacked jurisdiction to hear the claims he is now bringing. The court finds his arguments unpersuasive.

*Title VII discrimination claims.* Title VII of the Civil Rights Act of 1964 prohibits employment discrimination on the bases of national origin and religion. 42 U.S.C. § 2000e-2(a)(1) ("It shall be an unlawful employment practice for an employer . . . to discharge any individual, or otherwise to discriminate against any individual . . . because of such individual's race, color, religion, sex, or national origin."). It also prohibits retaliation against employees who complain of such discrimination. *Id.* Plaintiff argues the state courts lack subject matter jurisdiction over the Title VII claims[6] and that the Utah statutes under which his claims were decided are not equivalent to Title VII. (ECF No. 24 at 5, 7.)

In *Kremer*, cited to by Defendant, the petitioner made a similar claim, arguing that "the rejection of a state employment discrimination claim cannot by definition bar a Title VII action." 456 U.S. at 467–68. The U.S. Supreme Court disagreed. Although the claims presented to the New York adjudicative agency and subsequently reviewed by the Appellate Division of the New York Supreme Court "were necessarily based on New York law," the alleged discriminatory acts were "prohibited by both federal and state laws." *Id.* at 479. The U.S. Supreme Court noted that the elements of the state and federal discrimination claims were virtually identical and that the petitioner "could not succeed on a Title VII claim consistent[] with the judgment" below. *Id.* at

---

[6] In support of this claim, Plaintiff relies on *Garrett v. San Francisco*, 818 F.2d 1515 (9th Circuit 1987), which held state courts lack subject matter jurisdiction over Title VII claims. *Id.* at 1519 n.7. The Supreme Court, however, subsequently held that states do, in fact, have concurrent jurisdiction over Title VII claims, overruling *Garrett*. *Yellow Freight Sys. v. Donnelly*, 494 U.S. 820, 826 (1990) ("We have no reason to question the presumption that state courts are just as able as federal courts to adjudicate Title VII claims.").

479–80.  The same is true here as noted by the Utah Court of Appeals.  The Utah Anti-Discrimination Act "was modeled after Title VII of the Civil Rights Act ... and Utah courts have adopted a framework for analyzing UADA claims that mirrors the Title VII inquiry.  Thus, in interpreting the [UADA], the substantial body of federal case law interpreting Title VII is useful."  *Kunej v. Labor Comm'n*, 306 P.3d 855, 860 n. 1 (Utah Ct. App. 2013) (citations and internal quotation marks omitted).

*Disability discrimination claim.*  Similar to his Title VII claims, Plaintiff argues the Utah Anti-Discrimination Act is inadequate as compared to the Americans with Disabilities Act (ADA).  (ECF No. 24 at 5).  But, just as the state resolution of the national origin and religious discrimination claims effectively resolved what would be equivalent Title VII claims, the state's resolution on the disability discrimination claim resolves the same claim under the ADA.  In the state proceeding, the ULC required Plaintiff to show that:

> (1) he is a disabled person within the meaning of the Utah Antidiscrimination Act, and has made any resulting limitations from his disability known to Bingham High School; (2) he is qualified to perform the essential functions of the job with or without reasonable accommodation; (3) that with reasonable accommodation, he could perform the essential functions of the position; and (4) Bingham High School refused to make such accommodations.

(ECF No. 9-2 at 12).  To succeed on this claim in federal court, Plaintiff would have to prove these same elements.  *See Spielman v. Blue Cross & Blue Shield of Kan., Inc.*, 33 F. App'x 439, 443 (10th Cir. 2002) (listing the elements necessary to establish a prima facie case under the ADA).  Therefore, Plaintiff's state disability discrimination claim is essentially the same as his claim under the ADA.  Plaintiff argues the difference is that a plaintiff need not show discriminatory intent in federal ADA cases.  (ECF No. 24 at 6.)  But, according to the elements set forth above, Plaintiff did not have to prove that in the state proceeding, either.

*PEHRMA claim.*  Although Plaintiff's PEHRMA claim is a new one, it need not be adjudicated here because it "could and should have been raised in the first action." *Moss*, 285 P.3d at 1163.  A claim that should have been raised earlier is one that arises out of the same set of facts as the claims that were actually raised, assuming all the facts were known at the time of the action.  *State in the Interest of J.J.T.*, 877 P.2d 161, 166–67 (Utah Ct. App. 1994).  Such is the case here because Plaintiff has not raised any allegations that he did not also allege in the state proceedings. (*See* ECF Nos. 3, 9-1.) And, there are no new, previously unknown facts alleged in this matter.

Even if Plaintiff's PEHRMA claim arose out of a separate set of facts, it would still be barred because it is brought under a state statute.  Because the federal claims are barred by res judicata and there is no diversity jurisdiction, this court lacks pendent jurisdiction over the PEHRMA claim.  *Estate of Harshman v. Jackson Hole Mt. Resort Corp.*, 379 F.3d 1161, 1164 (explaining that federal district courts may not hear pendent state law claims "but for their intertwinement with claims over which they have original jurisdiction").

3. *Final Judgment*

Finally, claim preclusion applies because the state suit resulted in a final judgment on the merits.  "A judgment is upon the merits when it amounts to a declaration of the law as to the respective rights and duties of the parties based on . . . facts and evidence upon which the rights of recovery depend, irrespective of formal, technical, or dilatory objections or contentions." *Peterson v. Armstrong*, 337 P.3d 1058, 1063 (Utah Ct. App. 2014) (citation omitted).  Further, a judgment is on the merits "if it completely disposes of an underlying cause of action, or determines that plaintiff has no cause of action." *Id.*  Therefore, summary judgment is a final

7

judgment. *Henderson v. AMTRAK*, 412 F. App'x 74, 78 (10th Cir. 2011) (referring to a district court's grant of summary judgment as a final judgment).

Under these principles, the Utah Court of Appeals' decision to affirm summary judgment was a final judgment on the merits. Plaintiff argues the Court of Appeals' decision was limited only to whether there were "formal errors" in the state agency decision. (ECF No. 24 at 6.) Aside from the fact that the very purpose of appellate courts is to determine whether such errors occurred, the Court of Appeals determined that Plaintiff was unable to formulate an argument as to why the agency's summary judgment decision was improper. (ECF No. 9-6.) Thus, a final judgment on the merits was entered.

**B. Issue Preclusion**

Issue preclusion applies where four elements are satisfied:

1. The party against whom issue preclusion is asserted was a party to or in privity with a party to the prior adjudication;

2. The issue decided in the prior adjudication was identical to the one presented in the instant action;

3. The issue in the first action was completely, fully, and fairly litigated; and

4. The first suit resulted in a final judgment on the merits.

*Moss*, 285 P.3d at 1163. Each of the four elements is satisfied. Issue preclusion shares elements one and four with claim preclusion. Because the court already found those elements are met here, as set forth above in the claim preclusion analysis, the court need only addresses in detail elements two and three.

*2. Identical Issues*

The issues are identical because Plaintiff has not made any allegations that he did not also allege in the state proceedings. (*See* ECF Nos. 3, 9-1.) The allegations encompass both his

termination and mistreatment by his colleagues and superiors. For example, Plaintiff alleges that he was written up numerous times for his accent, that he was subjected to a hostile work environment, and that his accent was mocked by another teacher in the presence of the vice principle. (ECF No. 3 at 3.)

The ULC's resolution of Plaintiff's discrimination claims was based primarily on Defendant's decision not to renew Plaintiff's contract and rejected Plaintiff's pre-termination allegations. (ECF No. 9-2 at 8.) Plaintiff points out in his opposition memorandum that he faced discrimination and filed complaints before he was terminated. (ECF No. 24 at 4.) Even if the court construes Plaintiff's emphasis on his pre-termination allegations as an argument that the issues arising from those allegations were not decided in the state proceedings, the court is not persuaded that the issues are not identical in this case.

One of the elements of Title VII employment discrimination is that the employee suffered an adverse employment action. *Hillig v. Rumsfeld*, 381 F.3d 1028, 1031 (10th Cir. 2004). In this case, the ULC considered Plaintiff's termination to be the relevant action. (ECF No. 9-2 at 8.) But that does not mean that the ULC failed to consider Plaintiff's other allegations. The ULC summarized those allegations, along with the ensuing investigations that found no evidence to support them, in its summary judgment decision. (ECF No. 9-2 at 6.) The ULC determined those allegations did not rise to the level of an adverse employment action for purposes of Plaintiff's discrimination claims. This determination is not surprising based on Tenth Circuit precedent that this court is bound to follow. *See Gunnell v. Utah Valley State College*, 152 F.3d 1253, 1265 (10th Cir. 1998) ("We doubt that the few actions identifiably taken by co-workers, which generally seem to involve incidents of rudeness, are sufficient to support a claim [under

Title VII], given that Title VII neither is a general civility code nor does it make actionable the ordinary tribulations of the workplace.") (citation and internal quotation marks omitted).

*3. Completely, Fully, and Fairly Litigated*

Finally, to be fairly litigated, "state proceedings need do no more than satisfy the minimum procedural requirements of the Fourteenth Amendment's Due Process Clause . . . ." *Kremer*, 456 U.S. at 481. Plaintiff argues this element is not satisfied. In support he points to data showing that the ULC's Antidiscrimination Division rarely finds reasonable cause to believe that discrimination has occurred and that it does so less often than the agencies in other states. (ECF No. 24 at 5.) Plaintiff's data comes from a report that states, "We are concerned with UALD's infrequent cause findings.... This rarity of cause findings contributes to our concerns ... regarding the adequacy of UALD's investigations, and increases the division's risk of allegations of bias." OFFICE OF THE LEGISLATIVE AUDITOR GENERAL, A PERFORMANCE AUDIT OF THE UTAH ANTIDISCRIMINATION AND LABOR DIVISION'S EMPLOYMENT DISCRIMINATION UNIT 29 (Jan. 2017).

Ultimately, it is Defendant's burden to prove that the issues were completely, fully, and fairly litigated. *Busch*, 71 P.3d at 178. In its Motion, Defendant provides minimal analysis of this element. Instead, Defendant asks the court to take judicial notice of the documents from the state court proceedings. *See Stan Lee Media, Inc. v. Walt Disney Co.*, 774 F.3d 1292, 1298 n.2 (10th Cir. 2014) (explaining that under the Federal Rules of Evidence and relevant case law, courts may take judicial notice of pleadings and other documents of public record). Judging by those documents, it appears that despite the data Plaintiff provides, there is "little doubt that [Plaintiff] received all the process that was constitutionally required in rejecting his claim that he had been discriminatorily discharged. . . ." *Kremer*, 456 U.S. at 483. According to the Utah

10

Court of Appeals, Plaintiff offered only "speculation and conjecture" and "failed to present any evidence that would create a genuine dispute of material fact for any of his claims." (ECF No. 9-6 at 1–2.) In similar fashion, this court is not persuaded by Plaintiffs speculation and conjecture. Defendant supported its prior summary judgment motion with "extensive documentation." (ECF No. 9-6 at 2.) As such, the court finds Plaintiff's case was completely, fully and fairly litigated previously.

## CONCLUSION

Res judicata bars this court from hearing Plaintiff's claims. It bars the federal claims because those claims were resolved in the state proceedings under the same analysis that this court would employ under Title VII and the ADA. Plaintiff's PEHRMA claim is barred because that claim could and should have been raised in the state proceedings and because, without the aforementioned federal claims, this court cannot exercise pendent jurisdiction over a claim brought under a state statute.

## RECOMMENDATION

The undersigned recommends that Defendant's motion for summary judgment be GRANTED.

## NOTICE

The court will send copies of this Report and Recommendation to all parties, who are hereby notified of their right to object. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The parties must file any objection to this Report and Recommendation within fourteen (14) days of service thereof. *Id.* Failure to object may constitute waiver of the objections upon subsequent review.

DATED this 13 December 2019.

_____
Dustin B. Pead
United States Magistrate Judge

12