# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| YURIY V. YUDIN,<br><br>                Plaintiff,<br><br>v.<br><br>JORDAN SCHOOL DISTRICT,<br><br>                Defendant. | MEMORANDUM DECISION & ORDER OVERRULING OBJECTION AND ACCEPTING RECOMMENDED DISPOSITION<br><br>Case No. 2:18-cv-562<br><br>Judge Clark Waddoups |

### Introduction

Plaintiff Yuriy V. Yudin, (Mr. Yudin) proceeding pro se, brought this action against the Jordan School District, alleging (I) National Origin Discrimination, (II) Disability Discrimination, (III) Violation of the Public Education Human Resource Management Act (PEHRMA), a Utah Statute, (ECF No. 3 at 3) (IV) Retaliation (ECF No. 3 at 5) and (V) Religious Discrimination. (ECF No. 3 at 6).

This action was assigned to United States District Court Judge Clark Waddoups, who then referred it to United States Magistrate Judge Brook Wells pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF. No. 6.) The action was later reassigned to Magistrate Judge Dustin B. Pead. (ECF No. 15.) Before the court is Defendant Jordan School District's Motion for Summary Judgment. (ECF No. 23).

On December 13, 2019, Judge Pead entered a Report and Recommendation, recommending that the court grant Defendant's Motion for Summary Judgment. (ECF No. 26.) On December 30, 2019, Mr. Yudin objected to Judge Pead's Report and Recommendation. (ECF No. 27.) Mr. Yudin argued that Judge Pead's "Report and Recommendation must fail," in part

because, in Mr. Yudin's view, his case "has not been fully and fairly litigated in the Utah Court of Appeals." (ECF No. 27 at 2.) Mr. Yudin argued that "[c]ase review has not been granted and the issues have not been decided on the merits." (ECF No. 27 at 2.)

As explained below, because the Utah Court of Appeals' summary affirmance is entitled to preclusive effect under Utah law, it is entitled to preclusive effect in this court. The court accepts Judge Pead's recommended disposition and GRANTS Defendant's Motion for Summary Judgment. (ECF No. 23).

Background[1]

"[O]n or around June 6, 2016, Mr. Yudin filed a Petitioner's Statement with the Utah Labor Commission's Adjudication Division." (ECF No. 14 at 2.) In that Statement, Mr. Yudin wrote:

> This Complaint is brought by Yuriy Yudin to secure redress for employment discrimination and violation of his civil rights to be free from discrimination on the basis of his religion and national origin under the First and Fourteenth Amendment of the United States Constitution ("First" and "Fourteenth Amendment") and under Title VII of the Civil Rights Act of 1964, for violation of his rights secured by the Americans With Disabilities Act ("ADA") and corresponding statues in state of Utah.

(ECF No. 9-1 at 2.) Mr. Yudin also alleged that he was "suffering from ongoing retaliation from [Jordan School District] as any employer who wanted to hire [him], after [being] contacted [by Jordan School District] or [Bingham High School] administration refuses to offer me employment even those teaching positions remain open." (ECF No. 9-1 at 6.) In his June 2016 filing, Mr. Yudin did not raise any argument related to PEHRMA. (*See* ECF No. 9-1 at 1–6.)

---

[1] The court previously discussed the background of this case in its previous order. (*See* ECF No. 14.) In this order, the court discusses those facts that are most relevant to Mr. Yudin's objections.

"On August 22, 2017, Administrative Law Judge (ALJ) Todd Newman issued an order granting Bingham High School's Motion for Summary Judgment." (ECF No. 14 at 2 (citing ECF No. 9-2 at 17).) ALJ Newman addressed Mr. Yudin's [1] "claims for religious and national origin discrimination," (ECF No. 9-2 at 8); [2] "claim for disability discrimination/failure to accommodate," (ECF No. 9-2 at 13) and [3] "claim for retaliation." (ECF No. 9-2 at 14.)

On September 19, 2017, Mr. Yudin filed a "Motion for Review" of ALJ Newman's order with the Board of Appeals of Utah Labor Commission. (ECF No. 9-3.) In his September 2017 filing, Mr. Yudin argued that his employer had violated the First and Fourteenth Amendments, Title VII of the Civil Rights Act, the Americans With Disabilities Act, and PEHRMA. (ECF No. 9-3 at 13.)

On December 5, 2017, the Appeals Board of the Utah Labor Commission entered an order Affirming ALJ Newman's decision." (ECF No. 9-4 at 2.) In its Order, the Appeals Board "consider[ed] Mr. Yudin's arguments in the context of the complaints against Bingham: 1) national-origin discrimination; 2) religious discrimination; 3) retaliation; and 4) disability discrimination." (ECF No. 9-4 at 5.)

Mr. Yudin filed a petition for review of the Appeals Board's decision with the Utah Court of Appeals on December 12, 2017. (ECF No. 9-5 at 2.) He named Bingham High School as the Respondent.

On January 4, 2018, the Utah Court of Appeals issued a sua sponte motion for summary disposition. On February 8, 2018, the Utah Court of Appeals issued an Order of Summary Affirmance, finding that Mr. Yudin "ha[d] not corrected the deficiency and ha[d] failed to raise a substantial issue for review." (ECF No. 9-6 at 2.) Despite the fact that Mr. Yudin had named

"Bingham High School" as the respondent in his petition for review, the Utah Court of Appeals named the Jordan School District as the respondent. The Utah Court of Appeals found that "[t]he Appeals Board of the Labor Commission [had] . . . affirmed the [ALJ's] . . . order granting summary judgment on Yudin's discrimination and retaliation claims in favor of Jordan School District . . . ." (ECF No. 9-6 at 2.) Ultimately, the Utah Court of Appeals found that Yudin did "not address the Board's rationale and its detailed analysis for each of his claims" and found that he had "failed to state a substantial issue for review warranting further proceedings by this court." (ECF No. 9-6 at 3.)

Mr. Yudin filed his Complaint with this court on July 18, 2018. (ECF No. 3.) The Jordan School District filed a Motion to Dismiss on August 27, 2018. The Jordan School District made two alternative arguments—(1) that the *Rooker-Feldman* doctrine proscribes the court's jurisdiction and (2) that the Utah Court of Appeal's decision operates as res judicata. (ECF No. 9 at 2.) On April 4, 2019 the court entered an order denying the Jordan School District's motion. (ECF No. 14.) The court held that because Mr. Yudin's complaint did not seek to invalidate the state-court judgment, *Rooker-Feldman* could not be invoked. (*See* ECF No. 14 at 5–6.) The court also held that the Jordan School District had not met its burden to prevail on its res judicata defense. (*See* ECF No. 14 at 9.)

On July 8, 2019, the Jordan School District filed a Motion for Summary Judgment, arguing that "the Utah Court of Appeal's final order of summary affirmance bars plaintiff's claims under res judicata." (ECF No. 23 at 8.) It argued that Mr. Yudin's claims are barred, under Utah law, by both issue preclusion and claim preclusion. (ECF No. 23 at 10 & 12.) Mr.

Yudin filed an opposition to Defendant's Motion, and Defendant filed a reply. (ECF Nos. 24 & 25).

On December 13, 2019, Judge Pead entered a Report and Recommendation, concluding that "[r]es judicata bars this court from hearing Plaintiff's claims." (ECF No. 26 at 11.) He reasoned that res judicata "bars the federal claims because those claims were resolved in the state proceedings under the same analysis that this court would employ under Title VII and the ADA." (ECF No. 26 at 11.) He further reasoned that "Plaintiff's PEHRMA claim is barred because that claim could and should have been raised in the state proceedings and because, without the aforementioned federal claims, this court cannot exercise pendent jurisdiction over a claim brought under a state statute." (ECF No. at 26 at 11.)

On December 30, 2019, Mr. Yudin filed an objection to Judge Pead's Report and Recommendation. He argued that the recommendation "must fail" (ECF No. 27 at 2) for four reasons:

1. Complaint has not been fully and fairly litigated.

2. Utah Court of Appeals did not grant case review, has no jurisdiction on most part of the complaint and not all issues of the complaint have been submitted for review before Utah Court of Appeals.

3. This Court has jurisdiction on PEHRMA violation by diversity and supplemental complaint jurisdiction.

4. Respondent not entitled to full faith and credit and cannot assert conclusiveness of former judgment.

(ECF No. 27 at 5.)

Standard

After receiving an objection to a magistrate judge's recommendation, a district judge "of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which [a proper] objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."). "The district judge may accept, reject, or modify the recommended disposition . . . ." (Fed. R. Civ. P. 72(b)(3)).

Analysis

Pursuant to Rule 72(b)(3) of the Federal Rules of Civil Procedure, this court determines de novo those parts of Judge Pead's disposition that Mr. Yudin has properly objected to.

I. The Utah Court of Appeals' Summary Disposition Is Entitled to Preclusive Effect

First, Mr. Yudin argues that the "Complaint has not been fully and fairly litigated" (ECF No. 27 at 5.) "in the Utah Court of Appeals." (ECF No. 27 at 2.) This is so, he argues, because "[c]ase review has not been granted and the issues have not been decided on the merits, but on the judge[s'] opinion, for the lack of argument for review." (ECF No. 27 at 2; *see also* ECF No. 27 at 5 ("Utah Court of Appeals didn't conduct review on the case merits.").) Mr. Yudin appears to argue that the Utah Court of Appeals' summary disposition is not entitled to preclusive effect in this court.

"The federal courts are required by the full faith and credit provision of 28 U.S.C. § 1738 (1982) to 'give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the state in which the judgment was rendered.'" *Bolling v. City & Cty.*

6

*of Denver, Colo. By & Through McNichols*, 790 F.2d 67, 68 (10th Cir. 1986) (internal quotation marks omitted) (citation omitted). "[A] state court decision affirming a state agency determination is entitled to preclusive effect, so long as the state court proceeding provided the parties with a full and fair opportunity to litigate the case." *Stone v. Dep't of Aviation*, 290 F. App'x 117, 123 (10th Cir. 2008) (citing Kremer v. Chem. Const. Corp., 456 U.S. 461, 485 (1982)); *see also Estate of Bassatt v. Sch. Dist. No. 1 in the City & Cty. of Denver*, 775 F.3d 1233, 1237 (10th Cir. 2014) ("federal courts must give preclusive effect to factual and legal determinations made by state courts when reviewing state administrative agency actions."). Thus, this court's "review for collateral estoppel purposes in a Title VII or ADA case is confined to the judgments of the state courts, and not the underlying agency decision" *Stone*, 290 F. App'x at 123.

"To determine the nature of the preclusive effect afforded to the state court judgment[ ]" at issue in this case, this court looks to the law of particular state, in this instance, Utah. *Id.* (citing *Bolling v. City & Cty. of Denver, Colo. By & Through McNichols*, 790 F.2d 67, 68 (10th Cir. 1986)). As Judge Pead explained in his Report and Recommendation, under either branch of res judicata in Utah, the first suit in question must have resulted in a final judgment *on the merits*. (*See* ECF No. 26 at 4 & 8 (emphasis added).)

In order to resolve Mr. Yudin's first objection, this court must determine whether, under Utah law, the Utah Court of Appeals' summary disposition is entitled to preclusive effect in Utah courts. Available Utah guidance on this issue reveals that a summary disposition is a determination of the appeal on its merits, and is therefore entitled to preclusive effect in Utah courts. *See e.g.*, *Hernandez v. Hayward*, 764 P.2d 993, 996 (Utah Ct. App. 1988) ("Summary

affirmance under Rule 10[2] is a determination of the appeal on its merits, after a full and adequate opportunity is afforded all parties to present the arguments and authorities which, based upon the record below, are relevant to the issues and determinative of the appeal. Simply because an appellate court rejects appellant's contentions as unmeritorious does not deny him his right of appeal.").

The summary disposition at issue is therefore entitled to preclusive effect under Utah law. Thus, this court "**must** give preclusive effect" to the Utah Court of Appeals' factual and legal determinations. *Estate of Bassatt*, 775 F.3d at 1237 (bold added). Based on the binding authority of the Tenth Circuit, this court must hold that Mr. Yudin's first objection fails.

II.    The Court Rejects Mr. Yudin's Second Objection

In his second objection, Mr. Yudin makes three arguments: (1) the "Utah Court of Appeals did not grant case review," (2) the Utah Court of Appeals "has no jurisdiction on most part[s] of the complaint," and (3) "not all issues of the complaint have been submitted for review before the Utah Court of Appeals." (ECF No. 27 at 5.) The court addresses each argument in turn.

First, it does not matter that the "Utah Court of Appeals did not grant case review." (ECF No. 27 at 5.) As explained above, if Utah courts would give preclusive effect to the Utah Court of Appeals decision, this court must also give preclusive effect to that decision under the full faith and credit statute. As explained above, the summary disposition is entitled to preclusive

---

[2] Rule 10 of the Utah Rules of Appellate Procedure provides, in relevant part that "[t]he court, upon its own motion, and on such notice as it directs . . . may summarily affirm the judgment or order which is the subject of review, if it plainly appears that no substantial question is presented . . . ."

effect in Utah, and under controlling Tenth Circuit authority, this court must also give it preclusive effect.

Second, Mr. Yudin's argument that the Utah Court of Appeals "has no jurisdiction on most part[s] of the complaint" also fails. (ECF No. 27 at 5.) Mr. Yudin made the same argument in his opposition to the Jordan School District's Motion for Summary Judgment. (ECF No. 24 at 7 ("state has lack of jurisdiction over Plaintiff's complaint.").) Judge Pead addressed Mr. Yudin's argument, citing *Yellow Freight Sys., Inc. v. Donnelly*, 494 U.S. 820, 821 (1990) for the well established proposition that "that Congress did not divest the state courts of their concurrent authority to adjudicate federal claims" brought "under Title VII of the Civil Rights Act of 1964." (ECF No. 26 at 5 (quoting *Yellow Freight* for the proposition that "[w]e have no reason to question the presumption that state courts are just as able as federal courts to adjudicate Title VII claims.").)

In his objection, Mr. Yudin appears to concede that *Yellow Freight* is binding as to his Title VII claims. But he appears to argue that that *Yellow Freight* is not binding as to his ADA claim because *Yellow Freight* was "litigated prior [to] ADA 1990." Mr. Yudin's objection fails because the Tenth Circuit has never held that Congress granted exclusive jurisdiction over ADA claims to the federal courts. *See e.g., Braverman v. New Mexico*, No. CIV 11-0829 JB/WDS, 2011 WL 6013587, at *19 (D.N.M. Oct. 19, 2011) ("Several federal courts have also determined that state courts have concurrent jurisdiction over ADA claims, including a district court within the Tenth Circuit.").[3]

---

[3] Additionally, the Tenth Circuit, in an unpublished decision, has provided that its "review for collateral estoppel purposes in a Title VII or ADA case is confined to the judgments of the state courts, and not the underlying agency

Third, Mr. Yudin argues that "not all issues of the complaint have been submitted for review before Utah Court of Appeals." (ECF No. 27 at 5.) It is unclear what Mr. Yudin is arguing. The court understands Mr. Yudin to be making one of two possible arguments.

He could be arguing that res judicata does not apply because he did not bring his PEHRMA claim in the underlying state proceeding. If that is his argument, it fails because he does not address Judge Pead's recommendation that the PEHRMA claim "need not be adjudicated here because it 'could and should have been raised in the first action.'" (ECF No. 26 at 7 (quoting *Moss v. Parr Waddoups Brown Gee & Loveless*, 285 P.3d 1157, 1163 (Utah 2012).)

Alternatively, he could be arguing that the Jordan School District's affirmative res judicata defense, as it relates to his disability discrimination claim, fails because it was "deprived [of] any valid judicial reasoning." (ECF No. 27 at 4.) Here, Mr. Yudin appears to argue that the Utah Court of Appeals was "not able to judicate [his] disability complaint," because he didn't raise that issue in his appeal to the Appeals Board of the Utah Labor Commission. (*See* ECF No. 27 at 3.) Here, Mr. Yudin ignores that in his September 19, 2017, "Motion for Review" of ALJ Newman's order to the Board of Appeals of Utah Labor Commission, he argued that his employer had violated the Americans With Disabilities Act. (ECF No. 9-3.) Regardless, even if this court were to assume that the Utah Court of Appeals erred when it considered his disability claim, under Utah law, this court cannot review that decision for error. *McCarthy v. State*, 265 P.2d 387, 389 (Utah 1953) ("Whether [a] judgment [is] right or wrong, it stands unassailed and is

---

decision." *Stone*, 290 F. App'x at 123. The Tenth Circuit's decision to review a state court judgment related to an ADA claim presupposes that the state court had jurisdiction to hear that claim.

binding upon the parties. Any other view would create uncertainty by undermining the conclusive character of judgments and would permit the revival of litigation once terminated; consequences which it was the very purpose of the doctrine of res judicata to avoid.").[4]

For these reasons, the court rejects Mr. Yudin's second objection.

III. <u>Mr. Yudin Fails to Meet His Burden of Establishing Diversity Jurisdiction</u>

In his recommendation, Judge Pead provided that because "the federal claims are barred by res judicata and there is no diversity jurisdiction, this court lacks pendent jurisdiction over the PEHRMA claim." (ECF No. 26 at 7.) In response, Mr. Yudin argues that "[t]his Court has jurisdiction on PEHRMA violation by diversity and supplemental complaint jurisdiction." (ECF No. 27 at 5.) It is well established that "[t]he party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter." *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir.2004). Mr. Yudin's conclusory argument that this court has diversity jurisdiction fails. Mr. Yudin does not allege his citizenship. But even assuming this court could exercise supplemental jurisdiction over Mr. Yudin's PEHRMA claim, it would decline to do so.

IV. <u>Mr. Yudin's Argument Related to Full Faith and Credit Fails</u>

Mr. Yudin argues that "Respondent is not entitled to full faith and credit and cannot assert conclusiveness of former judgment." (ECF No. 27 at 5). Mr. Yudin does not support his position with any legal authority. As discussed above, "federal courts are required by the full

---

[4] The finality of the Utah Court of Appeals' decision to identify the Jordan School District as the respondent applies as well. In ALJ Newman's Order, he identified Bingham High School as the Respondent, and refused to allow Mr. Yudin to add the Jordan School District as the respondent. (*See* ECF No. 9-2 at 2 n. 1.) But as discussed above, in its summary affirmance, the Utah Court of Appeals identified the Jordan School District as the respondent. (*See* ECF No. 9-6 at 2.) Even assuming this was error, this does not affect the court's analysis because Utah law on res judicata prohibits this court from reviewing that decision for error.

faith and credit provision of 28 U.S.C. § 1738 (1982) to 'give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the state in which the judgment was rendered.'" *Bolling*, 790 F.2d at 68 (internal quotation marks omitted) (citation omitted). And, as discussed above, the Utah Court of Appeals' summary disposition is entitled to preclusive effect in Utah. Mr. Yudin's argument that the full faith and credit statute does not apply here fails.

## Conclusion

Having made de novo determinations of those portions of Magistrate Judge Pead's recommendation that Mr. Yudin properly objected to, this court OVERRULES Mr. Yudin's objection. The court accepts Judge Pead's recommended disposition and GRANTS the Jordan School District's Motion for Summary Judgment, (ECF No. 23).

DATED this 9th day of January, 2019.

BY THE COURT:

_____
CLARK WADDOUPS
United States District Court Judge