IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| YURIY V. YUDIN,<br><br>Plaintiff,<br><br>v.<br><br>JORDAN SCHOOL DISTRICT,<br><br>Defendant. | **MEMORANDUM DECISIONS AND ORDER DENYING MOTION TO SEAL THE DOCKET OR MARK CASE AS PRIVATE**<br><br>Case No. 2:18-cv-562-CW<br><br>Judge Clark Waddoups |

Before the court is Plaintiff Yuriy V. Yudin's pro se motion to seal the docket or mark case as private. (ECF No. 31.)

Defendant Jordan School District has not opposed Mr. Yudin's motion. Because the public has a "longstanding common-law right of public access to judicial records," however, the court must conduct its own independent review of Mr. Yudin's motion to determine whether "sealing is appropriate even when no party objects." *McWilliams v. Dinapoli*, 40 F.4th 1118, 1130-31 (10th Cir. 2022) (citation omitted).

The public's right to access public records is "fundamental to the democratic state and preserves the integrity of the . . . judicial process by allowing the public to see how courts make their decisions." *Id.* at 1130 (citation and internal quotation marks omitted). That right is not absolute, however, and the court has "authority to seal documents before it, based upon the court's inherent supervisory authority over its own files and records." *United States v. Pickard*, 733 F.3d 1297, 1300 (10th Cir. 2013) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).

*See also Hagestad v. Tragesser*, 49 F.3d 1430, 1433-34 (9th Cir. 1995) (recognizing district court's inherent supervisory power to grant post-judgment motion to seal records).

A party seeking to prevent the public from accessing judicial records, however, must show "some significant interest that outweighs the public interest in access to the records." *McWilliams*, 40 F.4th at 1130 (citation and internal quotation marks omitted). "This burden is heavy, and sealing is appropriate only when the interest in confidentiality is real and substantial." *Id*. (citation and internal quotation marks omitted).

Consistent with protecting the public's right to access court records, this court has adopted local rules to govern when a case or record may be sealed. Relevant here, local rule DUCivR 5-2(c)(2) provides that when a party seeks to seal an existing case, he or she must file a motion that identifies "the statute, rule, case law, or other basis permitting the court to seal the case."

Here, Mr. Yudin's motion fails to identify any statute, rule, or case law under which his motion may be granted.[1] Moreover, he asserts only a conclusory basis for granting his motion to seal. Mr. Yudin asserts that he was a "victim of cyber stalking" and that some unidentified individuals have used documents filed in this case to misinterpret facts and attempted to compromise his teaching career. (*See* Mot. at 1. ECF No. 31.) Mr. Yudin, however, does not identify what portions of the record have been used to harass him or how public access to records in this case has compromised his teaching career. Mr. Yudin has also failed to submit any evidence to the court to support his claims.

Because Mr. Yudin has failed to meet his heavy burden of showing that he has a significant

---

[1] Mr. Yudin's motion does reference Utah's Government Records Access and Management Act ("GRAMA"), Utah Code §§ 63G-2-101 to 63G-2-901, which governs public access to state public records. Utah's GRAMA statute, however, is not applicable to records filed in federal court.

interest that outweighs the public interest in accessing the records that were filed in this case, the court DENIES his motion to seal the docket or mark the case as private.

DATED this 2nd day of February, 2024.

BY THE COURT:

Clark Waddoups
United States District Court